# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2996

_____

Kristopher Ryan, a minor, by and &ast;
through his next friends, Harvey &ast;
Ryan and Hope Ryan; &ast;
&ast;
    Plaintiff-Appellant, &ast;
&ast;
Harvey Ryan; &ast;
&ast;
    Plaintiff, &ast;
&ast;  Appeal from the United States
Hope Ryan, individually and as &ast;  District Court for the Western
heir-at-law of Howard Keller, &ast;  District of Missouri.
deceased; Elaine Galloway; Mark &ast;
Ring; Diana Ring, &ast;       [PUBLISHED]
&ast;
    Plaintiffs-Appellants, &ast;
&ast;
    v. &ast;
&ast;
Schneider National Carriers, Inc., &ast;
&ast;
    Defendant-Appellee. &ast;

_____

Submitted:  March 28, 2001

Filed:  August 27, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

This lawsuit arises from a vehicle collision on a Missouri interstate highway, and presents an issue of federal subject matter jurisdiction. The plaintiffs are the driver and passengers of a recreational vehicle (RV) that rear-ended a Missouri Department of Transportation (MDOT) truck. Before the collision, a tractor-trailer (semi) owned by Schneider National Carriers, Inc. was between the RV and the MDOT truck. Schneider's semi pulled out of the lane to avoid the slow-moving MDOT vehicle, and the RV hit the MDOT vehicle, killing two and seriously injuring the others in the RV.

The plaintiffs initially filed a petition in Missouri state court against Schneider and its unidentified driver. In the petition, Harvey Ryan, his wife, Hope Ryan, their son, Kristopher Ryan, and Diana and Mark Ring alleged Schneider's driver was negligent in failing to warn of the impending dangerous slow-moving MDOT vehicle. Hope Ryan and her sister, Elaine Galloway, also alleged the wrongful death of their father, Howard Keller. Because the Ryans and Galloway are Oklahoma residents, the Rings are Texas residents, and Schneider is a Nevada corporation with its principal place of business in Wisconsin, Schneider removed the case to federal court alleging federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Schneider also filed an answer to the petition asserting a counterclaim against Harvey Ryan, the RV's driver, for negligence. In the first amended complaint, Hope Ryan, Kristopher Ryan, and the Rings reasserted their negligence claims against Schneider and its driver, and added negligence claims against the MDOT truck driver, a Missouri resident. Harvey Ryan did not assert any claims. Hope Ryan and Elaine Galloway reasserted their wrongful death claims. In answering the first amended complaint, Schneider again alleged Harvey Ryan's negligence caused the plaintiffs' injuries. Hope Ryan, Kristopher Ryan, Elaine Galloway, and the Rings then filed a motion for leave to file a second amended complaint adding Harvey Ryan as a defendant. Schneider opposed the motion, asserting that since Harvey Ryan had not sought leave to dismiss his individual claims against Schneider, he remained a plaintiff

in the action, and the other plaintiffs' claims against him should be designated as cross-claims. Schneider also filed a motion to dismiss asserting its driver owed no duty to the RV under Missouri law. The district court[*] granted the plaintiffs leave to amend to add cross-claims against Harvey Ryan.

The plaintiffs filed a motion for remand to state court contending the district court lacked subject matter jurisdiction because both Hope Ryan and Harvey Ryan are residents of Oklahoma. The plaintiffs asserted that whether the claims against Harvey Ryan are designated cross-claims or not, there is not complete diversity of citizenship when the court looks beyond the pleadings and arranges the parties according to their sides in the dispute. In opposing the motion, Schneider argued there is complete diversity between all plaintiffs and all defendants, and the court has supplemental jurisdiction over the plaintiffs' cross-claim against Harvey Ryan under 28 U.S.C. § 1367(a). Harvey Ryan filed a motion for voluntary dismissal, and Schneider opposed the motion, relying on Federal Rule of Civil Procedure 41(a)(2) (after defendant files answer, action shall be dismissed at plaintiff's request only by order of court and if court deems proper).

The district court granted Schneider's motion to dismiss, concluding Missouri law does not impose a duty on lead drivers to either warn following drivers of approaching dangers or to keep a constant lookout for the safety of following vehicles. Because there was no longer any opposition to the plaintiffs' motion to remand, the district court remanded the action back to the original state court. The plaintiffs filed a motion to alter or amend the judgment asserting the district court lost subject matter jurisdiction when it allowed the cross-claim against Harvey Ryan. The district court denied the motion.

---

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Before we consider the merits of the plaintiffs' appeal, we must decide whether the district court had subject matter jurisdiction. Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. See 28 U.S.C. § 1447(e); Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49-50 (1895). At the time of the state petition and the petition for removal in this case, diversity jurisdiction existed. All plaintiffs were citizens of different states than all defendants. Although federal courts must look beyond the pleadings and arrange the parties according to their sides in the dispute, later events do not deprive a court of jurisdiction over parties who were properly aligned in the first instance. Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870-71 (8th Cir. 1966). Here, the parties were properly aligned at the time of the state petition and petition for removal. Harvey Ryan was injured in the accident and like the other plaintiffs sought to recover for his injuries from Schneider. The plaintiffs other than Harvey Ryan made no claims against him.

The district court correctly allowed the plaintiffs to amend their complaint to assert their claims against Harvey Ryan as cross-claims against a co-plaintiff rather than as claims against a defendant. In deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation. Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if amendment is refused, and any other factors bearing on the equities. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). Here, it appears the plaintiffs' main reason for adding Harvey Ryan as a defendant, rather than filing a cross-claim against him, was to destroy diversity jurisdiction. More importantly, allowing the plaintiffs to

assert a cross-claim against Harvey Ryan gave them the same protection they sought by asserting a claim against him as a defendant, so the plaintiffs suffer no injury from the district court's solution. Although the plaintiffs have an interest in protecting themselves if Harvey Ryan is found liable for their injuries, the proper means for protecting their interest is the filing of a cross-claim against their co-plaintiff under Federal Rule of Civil Procedure 13(g). Williams v. Carmean, 1999 WL 717645, at *2 (E.D. La. Sept. 13, 1999). The cross-claim meets the requirements of Rule 13(g) because it is "by one party against a co-party arising out of the transaction or occurrence [here, the automobile accident] that is the subject matter . . . of the original action." The addition of the cross-claim did not defeat diversity jurisdiction. Id. On the other hand, if the district court had allowed the claims against Harvey Ryan as a defendant, complete diversity would have been destroyed, and the district court would have had to either deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e); see Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999); ARE Sikeston Ltd. v. Weslock Nat'l, Inc., 120 F.3d 820, 833 (8th Cir. 1997).

The district court had supplemental jurisdiction over the claim against Harvey Ryan by the other plaintiffs. Williams, 1999 WL 717645, at *2. District courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a), except when original jurisdiction is based solely on diversity of citizenship, district courts "shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 [impleader], 19 [compulsory joinder], 20 [permissive joinder], or 24 [intervention] of the Federal Rules of Civil Procedure, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332," id. § 1367(b). Here, the plaintiffs' claim against Harvey Ryan was part of the same case or controversy as the original claims, and Harvey Ryan was not made a party by the other plaintiffs under any of the Rules specified in § 1367(b).

Having decided complete diversity still exists, we turn to the merits of the appeal from the district court's order granting Schneider's motion to dismiss. The plaintiffs argue the Schneider driver created the dangerous situation and owed a duty to following vehicles under Missouri's broad duty to keep a careful lookout. We review de novo questions of state law in a diversity case. Having carefully reviewed the record and the parties' briefs, we are satisfied the district court correctly applied the controlling state law and properly resolved the issue. Because an extended opinion would have no precedential value in this diversity case, we affirm on the basis of the district court's dismissal order. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.